IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BISHOP'S BEQUEST SINGLE** | * | |
| **FAMILY ASSOC. INC., et. al.** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| **CHARLES C. HEYWARD**[1] | * | Civil No. **PJM 13-3814** |
| | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Charles C. Heyward, who was sued by Bishop's Bequest Single Family Association, Inc. ("Bishop's Bequest") in the District Court for Prince George's County, removed the case to this Court. Prior to the removal, Heyward had filed in the state court a Motion to Vacate/Set Aside Judgment, Fraud on the Court and Motion for Sanction (Paper No. 3), which apparently had not been acted upon by the state court before the case arrived in this Court. In this Court, Bishop's Bequest has filed a Motion to Strike Defendant's Response to Standing Order Concerning Removal (Paper No. 7). For the reasons that follow, both Motions are deemed **MOOT** and the Court *sua sponte* **REMANDS** the case in its entirety to the District Court for Prince George's County.

## I.

Although Heyward has failed to provide the Court with a full copy of the Complaint, as required by 28 U.S.C. §1446(a), the Court has pieced together what appears to be the gist of the Complaint from various documents filed in the case.

---

[1] Heyward has reversed his status as a Defendant sued in state court to that of Plaintiff suing in federal court. This is totally improper. Heyward remains a Defendant here, and the correct caption of the case is as the Court has styled it above.

According to the single page of the Complaint filed with the Court, Heyward is or was a member of a homeowners association governed by a recorded Declaration of Covenants and Bylaws. He allegedly failed or refused to pay duly levied assessments pursuant to the Declaration, whereupon Bishop's Bequest filed suit in the District Court for Prince George's County, asserting that Heyward was indebted to Bishop's Bequest, pursuant to the Declaration and the Maryland Contract Lien Act. The state court docket for the case indicates that judgment was entered in favor of Bishop's Bequest.

In his Notice of Removal Heyward asserts that this Court has diversity jurisdiction in that he is a citizen of Maryland and that Bishop's Bequest is headquartered in Prince George's County, Maryland. He further submits that his own counterclaim of $100,000 satisfies the amount of controversy requirement. His counterclaim, however, has not been filed with the Court. In the civil cover sheet accompanying his filing here, Heyward also asserts that there is federal question jurisdiction pursuant to a "violation of False Claims Act, Fraud, violation of the Fair Debt Collection Act".

In his Motion to Vacate/Set Aside Judgment, Heyward asks the Court to set aside the state court judgment basically on the grounds that it was obtained by fraud. Bishop's Bequest's Motion to Strike argues that the Court should strike Heyward's filing because he has not stated a colorable reason for federal jurisdiction over this case.

**II.**

The right to remove a case from state to federal court derives from 28 U.S.C. § 1441. In light of federalism concerns, the removal statute is strictly construed. *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). "If federal jurisdiction is doubtful, a remand [to state

court] is necessary." *Id*. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 21 U.S.C. § 1447(c). "[B]ecause the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party, the court may enter a remand order *sua sponte*." *Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 196 (4th Cir. 2008). "[A]n irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court." *Korea Exch. Bank, New York Branch v. Trackwise Sales Corp*., 66 F.3d 46, 50 (3d Cir. 1995).

The only basis for jurisdiction by this Court over a breach of contract claim would be diversity jurisdiction. *See* 28 U.S.C. §1332. Both Bishop's Bequest and Heyward are residents of Maryland; accordingly, there is no diversity jurisdiction here.

Although Heyward tries to assert, at least in his civil cover sheet, that federal question jurisdiction is available, *see* 28 U.S.C. §§1331, 1441, the Court finds no count that alleges any federal law claims. The Complaint against Heyward alleged only breach of contract and state law claims. He may not remove based on a counterclaim asserting a federal cause of action. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Most importantly, Heyward attempts to remove this case in order to appeal the judgment of the District Court for Prince George's County. An appeal from a state court judgment is not grounds for removal to federal court. *See* 28 U.S.C. § 1441; Maryland Rule 7-103 (listing the types of cases that may be appealed from district court to a circuit court in Maryland).[2]

---

[2] It has not escaped the Court's attention that, in seeking removal of his case to this Court, Heyward was apparently trying to stave off garnishment proceedings underway in state court.

# IV.

For the foregoing reasons, Heyward's Motion to Vacate/Set Aside Judgment, Fraud on the Court and Motion for Sanction (Paper No. 3) is **MOOT**, Bishop's Bequest's Motion to Strike Defendant's Response to Standing Order Concerning Removal (Paper No. 7) is **MOOT**, and this case shall be **REMANDED** in its entirety to the District Court for Prince George's County.

A separate Order will **ISSUE**.

                                                                           /s/
                                                    **PETER J. MESSITTE**
                                        **UNITED STATES DISTRICT JUDGE**

**February 12, 2014**

---

It also bears noting that Heyward has sought to proceed in federal court without having to pay fees or costs. The Court has granted his request so as not to delay dispatch of the case from this Court. This should not, however, be taken as any indication, in any other circumstance, that the Court acknowledges Heyward's claimed inability to pay costs or fees.